## CONYNGHAM v. SMITH et al.

1. PRACTICE: ORDINARY AND EQUITABLE ACTIONS. That the petition in an "ordinary" action constitutes proper grounds for an "equitable" proceeding is not sufficient ground of demurrer. The cause may be placed on the proper docket by motion.

2. ASSIGNMENT OF JUDGMENT. It is not essential to an assignment of a judgment that it should be in any particular form, or that it should be entered on the judgment record.

3. SAME: VERBAL TRANSFER: PARTIES. Under our system of practice the assignee of a bond, claiming under a parol contract of assignment, may maintain an action thereon in his own name.

Appeal from Dubuque District Court.

TUESDAY, JUNE 21.

THE petition, as amended, shows the following facts: Nutter obtained judgment against Ricketts in the District Court of Dubuque county for over $500. Ricketts appealed to the Supreme Court, Smith and others (the present defendants), signing the appeal bond as his sureties. In the appellate court, the judgment below was affirmed. After this Nutter, for a valuable consideration, verbally agreed to sell and did sell to one T. W. McMaster said

judgment and all moneys coming thereon, and all his right and interest in and to said bond; and thereafter, in order to carry out said sale, said Nutter delivered to said McMaster an order on George L. Nightingale, the attorney who had charge of said suit for said Nutter, as follows:

"*Dubuque, August 5*, 1857.

"Mr. NIGHTINGALE, Esq.:

"Please pay to Mr. L. W. McMaster the judgment in my suit, deducting your services.        G. W. NUTTER."

And the said McMaster thereafter presented said order to said attorney, and verbally notified him of the sale aforesaid, who verbally assented to the same.   And it is further shown that McMaster, for value sold, assigned, transferred and set over in *writing* all his interest in said judgment and bond, and the money coming thereon to plaintiff.

Defendants demurred, assigning as causes: 1. Petition does not show a legal transfer or assignment to himself of the judgment.   2. No legal transfer of the bond.   3. The order to Nightingale does not, in law, constitute an assignment of the judgment to McMaster.

This demurrer was sustained, "for the reason that plaintiff's remedy is in equity and not at law."   Plaintiff stood by his petition, and judgment was rendered against him for costs, to all which he excepted.

*Griffith & Knight*, for the appellants, cited *Edmonds v. Montgomery & Shaw*, 1 Iowa, 147; *Weire v. The City of Davenport et al.*, 11 Id., 53; *The State of Iowa v. Butterworth*, 2 Id., 159; *Andrews v. Brown*, 1 Id., 154; *Williams v. Soutter et al.*, 7 Id., 448; *Farwell v. Tyler*, 5 Id., 536; *Allen v. Newbury*, 8 Id., 70; *Campbell & Bros. v. Ayers*, 4 Id., 360; *Sheldon, Hoyt & Co. v. Middleton*, 10 Id., 17; *McCarty v. Clark*, Id., 588; *Mainer v. Reynolds*, 4 G. Greene, 188; *McCarn & Scott v. Rivers*, 7 Iowa, 404.

*B. W. Poor* for the appellee.

Conyngham v. Smith.

WRIGHT, Ch. J.—That the court below erred in sustaining this demurrer, "for the reason that plaintiff's remedy was in equity, and not at law," we entertain no doubt. Without quoting, we refer to the Revision of 1860, §§ 2608, 2613, 2614–2616, 2619, and the following cases: *Trustees, &c.*, v. *Forrest*, 15 B. Monr., 172; *Foster* v. *Watson*, 16 Id., 387; *Lansdale* v. *Mitchell*, 14 Id., 349; and see, also, Revision of 1860, § 2876, as to causes of demurrer. Under our system of practice, the different forms of action are abolished. The only form now known is called a "civil action;" and the proceedings thereunder are "ordinary" and "equitable." That a party institutes an "ordinary" proceeding when it should have been "equitable," or *vice versa*, affords no ground for abating or dismissing the action; nor can such an error be reached by demurrer. The appropriate remedy is by motion to have the action changed into the proper proceedings, such motion even being unnecessary when plaintiff seeks the change before the defendant has answered.

But though the judge below may have based his ruling upon an untenable ground, it should not be reversed, if, for any of the causes assigned in the demurrer, the plaintiff failed to show facts sufficient to give him a cause of action. And the important inquiry is, whether plaintiff shows such a right or interest in that which constitutes the the cause of action as entitles him to sue at law in his own name.

The several cases referred to by appellees, from *Andrews* v. *Brown*, 1 Iowa, 154, to *McDowell* v. *Bartlett*, 14 Id., 157 (and there are many of them), to sustain the points made by their demurrer, were made under the Code of 1851. If the same rule obtains under our present system of practice, it would still be questionable whether this demurrer should not have been overruled. For this case differs from any to which our attention has been called, in the fact that

the original party (plaintiff) to the judgment did, in writing, direct its payment to McMaster, who, in a writing, entirely formal and sufficient, assigned his interest in the judgment and bond to plaintiff. It was not necessary that the judgment should have been assigned *on the record*, in order to invest the transferree with the right to collect it in his own name. *Allen* v. *Newberry*, 8 Iowa, 70. Nor was any peculiar form necessary, it being sufficient that the holder intended to and did part with his interest in the proceeds of such judgment, and invest it in another. The only matter of doubt would be whether such an assignment would carry with it the right at law to the appeal bond or any other security which the assignor might have for its payment. That such security would pass in equity is quite well settled. *Green* v. *Hart*, 1 Johns., 580; 9 Wend., 80; 13 Barb., 230; 23 Id., 461; 5 Cow., 202; 10 S. & M. 631.

What are the plaintiff's rights, however, upon the assumption that he is invoking the aid of a legal tribunal?

The petition avers that Nutter did *verbally* sell to McMaster (who, *in writing*, assigned the same to plaintiff) the judgment and all moneys owing thereon, and all his right and interest in and to the bond, and in order to carry out said sale, delivered an order, &c. The Code of 1851, like the Revision, provided that civil actions should be prosecuted in the name of the *real* party in interest. In a law forum this was uniformly understood to mean a *legal* interest. This construction followed almost as a necessary consequence, from the proposition, that the Code abrogated none of the rules of the common law, as to law and equity practice, and the more fundamental idea that under the Constitution it was deemed by the Legislature necessary to keep the two jurisdictions separate and distinct.

This construction of the Code and Constitution, announced in *Claussen* v. *Lefrerz*, 4 G. Greene, 224; *Cooper* v. *Armstrong*, 3 Id., 120; and followed in *Roberts* v. *Taliaferro*, 7 Iowa, 110, was adopted as indisputable, so far as relates to the question now before us, and upon this assumption, and deductions regarded as necessarily resulting, it was held that only those having the legal interest in the cause of action could be heard at law. In other words, real interest was held to mean, at law, a legal interest, and hence, as in *Farwell* v. *Tyler*, 5 Iowa, 536, it was decided that the holder of a note not negotiable by delivery, nor assigned in writing, could not sue upon it in his own name.

. The construction above adverted to was, however, certainly much innovated upon, if not entirely overthrown in the subsequent case of *Shepard* v. *Ford*, 10 Iowa, 502, decided by two members of the court as then constituted. Following this, we have the Revision, which gives to us a system involving more radical changes and broader and more uniform rules of practice. This, as we have seen, abolishes "all forms of actions," and yet the two jurisdictions, as separate and distinct tribunals, are not abolished. The different methods of trying law and equitable actions, as recognized before its adoption with such modifications as in no wise conflict with the Constitution, are still kept up. If a right is sought to be enforced or protected, or a wrong redressed or prevented, but one "form" is given, and that is styled a "civil action." If the cause of action is cognizable at law, the party having the real interest therein is to be heard in that form, if equitable, in equity. His proceeding, in other words, is to be "ordinary" or "equitable," according to the nature of his cause of action. And hence, the question is determined, not so much by the evidence showing the interest, as by the fact that he is the real party in interest, and has for his cause of action a subject matter of which the law will take cognizance. In other words,

the equitable rule as to parties, is now applied to law actions, if the relief asked may be given in that court. And, therefore, if the plaintiff is the real owner of this bond, if it has been actually sold and transferred to him by a valid verbal contract, there is no reason why, under our present system of pleading and practice, he may not maintain his action in manner and form, as stated in his petition.

Holding thus, it necessarily results that the Court below erred in ruling that plaintiff's remedy was in equity and not at law.

Reversed.