Moore v. Lowrey.

---

## MOORE et al. v. LOWREY, Garnishee, et al.

1. **Assignment: OF A DEBT: REQUISITES OF.** To constitute an assignment of a debt no particular form is necessary. It is sufficient if the intent of the parties to effect an assignment be clearly established. It may be verbal or in writing. If in writing, it may be in the form of an order, agreement or other instrument, and if the intent and contract of the parties do not fully appear in the writing, it may be shown by evidence *aliunde*.

2. —— **ORDER: STAMPS: EVIDENCE.** An order drawn by a debtor in favor of his creditor, directing a third party to pay to the latter a certain claim, may be properly admitted in connection with other evidence to show an assignment, though not stamped as a contract, but only as an order.

3. —— **COLLATERAL SECURITY.** An assignment of a claim is good though received only as collateral security for, instead of payment of, a pre-existing debt.

4. **Garnishment: GARNISHEE NOT CHARGEABLE WITH INTEREST.** A garnishee is not chargable with interest upon funds in his hands

Moore v. Lowrey.

from the time of garnishment, unless the presumption, which obtains, that it was not used by him from that time, but kept as a separate fund to answer the judgment of the court, be in some manner overcome. And this rule is not changed by section 3207 of the Revision, which provides, that the garnishee may exonerate himself from liability by paying the money into the hands of the sheriff.

*Appeal from Dubuque District Court.*

THURSDAY, JULY 23.

PLAINTIFFS brought separate actions in attachment against Miles & Keeler, who are residents of and doing business in Milwaukee, Wisconsin, and caused Lowrey to be served with garnishee process. Judgment was rendered in the suits against Miles & Keeler, and, before answer of the garnishee, Fowler & Munson made themselves parties to the proceedings by intervention, and by proper pleading claimed that whatever debt Miles & Keeler held against Lowrey was assigned and transferred to them by Miles & Keeler before the service of the garnishee process upon Lowrey, and that said debt was their property, etc., etc.

Trial by the court without a jury. Judgment in favor of the intervenors, Fowler & Munson, against the garnishee for the amount of the debt admitted in his answer, without interest. Moore and Gibbs & Co. excepted to the decision of the court rendering judgment against the garnishee in favor of the intervenors, and the intervenors excepted to the decision of the court in refusing to allow interest upon the claim against the garnishee.

All of these parties appeal.

*Wilson & Doud* for Moore and Gibbs & Co. and the garnishee.

*Griffith & Knight* for the intervenors.

BECK, J. — Miles & Keeler, being in failing circumstances, were indebted to the intervenors, Fowler & Munson. In settlement of this claim against them

ASSIGNMENT:
of a debt:
requisites of.

they transferred to Fowler & Munson the claim they held against Lowrey, the garnishee, on the 18th day of January, 1866, by an instrument of which the following is a copy:

"H. Lowrey, Esq., Dubuque, Iowa,

To Miles & Keeler, Dr.

" 1866. Jan. 18. To balance of account to date,.. $788 40

" H. Lowrey, Esq.:

" Please pay the above balance to Messrs. Fowler & Munson, or order, and oblige,

MILES & KEELER."

To this instrument was affixed a two cent U. S. internal revenue stamp. The evidence discloses the fact that it was the intention of Miles & Keeler to transfer and assign the claim they held upon Lowrey to Fowler & Munson, and the instrument above set out was by the parties intended to effect that purpose. Lowrey was, within a day or two, notified by Miles & Keeler, by letter, that they had drawn on him in favor of Fowler & Munson for the balance due them, but no information was conveyed in the letter of the nature of the transaction further than the fact that they had drawn an ordinary draft or order. The garnishee process was served upon Lowrey on the 20th day of January, two days after assignment of the claim to the intervenors, but the draft, or " order," was presented prior to his answer to the process.

The plaintiffs insist that the transaction between Miles & Keeler and Fowler & Munson did not operate to assign and transfer the debt against the garnishee, and that judgment should, therefore, have been rendered against him in their favor.

No particular form is necessary to constitute an assignment of a debt. If the intent of the parties to affect an assignment be clearly established, that is sufficient. Neither is it necessary that the assignment be in writing. If in writing, it may be in the form of an agreement, an order, or of any other instrument which the parties may use for that purpose. Neither is it necessary that the intent and the contract of the parties fully appear in the writing, but they may be otherwise shown. See *Conyngham* v. *Smith*, 16 Iowa, 474; *Wiggins* v. *McDonald*, 18 Cal. 127; *Macomber* v. *Doan et al.*, 2 Allen, 542; *Edwards* v. *Daly*, 14 La. An. 384; *Newly & Taylor* v. *Hill & Million*, 2 Met. (Ky.) 531.

The District Court was clearly justified in finding from the evidence that it was the intention of Miles & Keeler to assign the debt held by them against the garnishee, and that they did, in fact, assign and transfer it to the intervenors.

These views dispose of all the objections raised by plaintiffs. One or two, however, may properly receive 2. —— order: special notice. It is insisted that the order, if intended to operate as an assignment, is void, because not properly stamped. But it is not claimed that the order is itself an assignment, or without more, is evidence of an assignment. It is, therefore, properly stamped.

It is objected, that the order is negotiable, and was not taken by the intervenors in payment *pro tanto* of their claims upon Miles & Keeler. These facts may be admitted, yet it does not follow that the assignment is thereby defeated. If the assignment of the debt was made in good faith, and the order given for the purpose of effectuating its collection, the negotiability of the order certainly could not defeat the assignment.

Neither is it sufficient cause to defeat the assignment,

if it be true that Miles & Keeler were not discharged
*pro tanto* of their indebtedness to the inter-

**3. Collateral security.**

venors. The assignment would have been
good if the debt against Lowrey was taken only as col-
lateral security by Fowler & Munson.

Certain. exceptions were taken to portions of deposi-
tions taken by the intervenors on the grounds of incom-
petency and irrelevancy of the evidence contained therein.
The objections were overruled by the court below, and
the depositions were read in evidence. We do not think
the objections, in point of fact, were well taken, and
were therefore correctly overruled by the court.

The intervenors, Fowler & Munson, upon their appeal,
insist that the District Court erred in refusing to render
judgment for interest upon the debt from the
date of the order to the day of trial. The
authorities seem to agree, that unless the

**4. GARNISH-MENT: garni-shee not chargeable with interest.**

garnishee used the money for which he is liable, he is not
chargeable with interest. The courts presume, unless the
contrary appear, that it was not used by him, but kept as
a separate fund to answer the judgment of the court. If
he appears as a litigant in the proceedings, it will over-
come this presumption. And, we presume, it would be
proper, upon issue joined, to show that, in fact, the money
was not kept as a separate fund, but actually used by
him, and thus charge him with interest upon the debt.
See Drake on Attachment, § 665, and authorities cited.

But the garnishee in this case did not deny the indebt-
edness and in no way appears as a litigant. Neither is
the presumption that he kept the money as a separate
fund attempted to be overcome.

Section 3207 of the Revision, which provides that a
garnishee may, in order to exonerate himself from liability,
pay the money to the sheriff, is cited to support the view
that interest should be assessed against the garnishee. It

is said that, under this section, he is not compelled to keep the money, and, therefore, ought to pay interest upon it. But neither is he compelled under this section to pay it over to the officer of the court. It seems to be left to his option whether he will retain it or pay it into court. This provision cannot, therefore, change the rule of the authorities above cited.

It will be observed that the debt of the garnishee was upon an account and not upon an interest-bearing contract.

We find no errors in the record, and the judgment of the District Court, upon the appeal, both of the intervenors and plaintiffs, is

Affirmed.