## McWilliams v. Webb & Son.

Assignment: EFFECT OF ORDER. An order drawn on the whole of a particular fund amounts to an equitable assignment thereof, and, after notice to the drawee, binds the funds in his hands in favor of the payee, as against an attaching creditor of the drawer.

| | |
|---|---|
| 32 | 577 |
| 87 | 445 |
| 32 | 577 |
| 94 | 498 |
| 32 | 577 |
| 105 | 731 |
| 32 | 577 |
| 109 | 28 |
| a109 | 298 |
| 32 | 577 |
| f130 | 664 |

*Appeal from Polk District Court.*

FRIDAY, DECEMBER 8.

PLAINTIFF brought suit in the district court against one J. L. Stoddard, by attachment, and garnisheed the Union Fire Insurance Company of Des Moines, Iowa, as the supposed debtor of Stoddard, in which action R. C. Webb & Son came in as intervenors. The cause was tried by the court. Judgment for intervenors, and plaintiff appeals.

*Brown & Dudley* for the appellant.

*Bannister & Phillips* for the appellees.

MILLER, J. — The evidence shows that the Union Fire Insurance Company of Des Moines was indebted to J. L. Stoddard in the sum of $100, upon a policy of insurance upon the property of Stoddard, in Dexter, Dallas county, Iowa, which had been destroyed by fire prior to the commencement of this action. It also appears that Stoddard was the debtor of McWilliams and of Webb & Son; that R. C. Webb, of the firm of Webb & Son, called on Stoddard and requested payment of his claim; that Stoddard agreed to pay Webb & Son with his claim on the insurance company, which was assented to by Webb, whereupon Stoddard drew an order upon the insurance company, as follows:

"DEXTER, IOWA, *October* 5, 1869.
" *To the Union Fire Insurance Company:*
"MESSRS.: — Pay to the order of R. C. Webb & Son one hundred dollars, and charge to my account.
"$100.00.                                       J. L. STODDARD."
"[Stamp, 2 cents.]"

The evidence further shows that this order was delivered to appellees, and by them presented to the insurance company, for acceptance and payment, though not accepted or paid prior to the service of notice of garnishment on the company.

Appellant presents in argument, for our consideration, the single question, whether the drawing of the order by Stoddard, on the insurance company, in behalf of Webb & Son, under all the circumstances, amounted to an assignment or transfer of Stoddard's claim on the company to Webb & Son.

While a transaction may not be a formal assignment of the debt or chose in action, yet there are cases in which something short of an actual transfer and delivery will operate as an equitable assignment of a chose in action. No particular form of words is necessary for this purpose. Any language which indicates a clear intention to appropriate a particular fund will be sufficient. *Dickerson* v. *Philips*, 1 Bard. (S. C.) 458.

There are cases holding that an order to pay a debt, *out* of a particular fund belonging to the debtor, is an equitable assignment of the fund *pro tanto*, and gives the creditor who receives the order a specific, equitable lien upon such fund. See *Bradley* v. *Root*, 5 Paige, 632; *Yeates* v. *Groves*, 1 Ves. Jr. 280; *Morton* v. *Taylor*, 1 Hill, 583; *Clark* v. *Mauran*, 3 Paige, 373; *Wood* v. *Young*, 5 Wend. 620. There is a clear distinction, however, between an order drawn for the *whole* of a general or particular fund, and one drawn only for a *part*. Where the order is drawn for the whole of the fund it operates as an equitable assignment of the fund, after notice to the drawee, and it becomes his duty to accept. *Manderville* v. *Welch*, 5 Wheat. 284; *Tiernan* v. *Jackson*, 5 Pet. 580; *Cowperthwaite* v. *Sheffield*, 1 Sand. (S. C.) 450; *Bank of Commerce* v. *Bogg*, 44 Mo. 1; *Walker* v. *Mauro*, 18 ib. 564; *Blin* v. *Pierce*, 20 Vt. 25; *Robbins* v. *Bacon*, 3 Me. 346.

Again, this court has held that an assignment of a debt may be verbal or in writing; that no particular form of words is necessary; that it is sufficient if the intent of the parties, to effect an assignment, be clearly established. If the assignment be in writing it may be in the form of an "order" or other instrument, and if the intent of the parties does not appear from the writing, it may be shown *aliunde. Moore et al.* v. *Lowery, Garnishee et al.*, 25 Iowa, 336. See, also, cases cited in the opinion of Mr. Justice BECK in that case.

Upon the settled rule of law, that an order drawn on the whole of a particular fund amounts to an equitable assignment of the fund, and that after notice to the drawee it binds the funds in his hands the judgment of the district court was correct. So also we are of opinion, that the court was fully justified in finding, from all the facts and circumstances of the transaction as disclosed in the evidence, that it was the intention of Stoddard to transfer to Webb & Son, his claim on the insurance company. The evidence shows that Webb & Son received the claim of Stoddard against the insurance company, *in payment* of his indebtedness to Webb & Son, and that the latter accepted it in satisfaction of their claim, thus clearly indicating the intention to assign the debt for which the order was drawn.

The judgment is

Affirmed.