BARTHOL v. BLAKIN *et al.*

1. **Assignment: ACTION: PLEADING.** A verbal transfer or assignment of a note and mortgage, confers upon the assignee the right to maintain an action thereon in his own name.

2. —— It is accordingly *held*, where the petition in a foreclosure proceeding, alleged that the mortgage was duly assigned to plaintiff, that the petition was not demurrable on the ground that no copy of the assignment was set out therein. The allegation in question would cover a verbal assignment.

*Appeal from Winnesheik Circuit Court.*

' THURSDAY, JULY 25.

ACTION in chancery to foreclose a mortgage given to secure certain notes made payable to one Erickson, or order. The petition, after setting out the notes and mortgage and making sufficient averments as to the non-payment of the debt, etc., alleges that the mortgage was assigned to plaintiff, who now holds and owns it, together with the notes. Defendants demurred to the petition, on the ground that no copy of the *assignment* is set out in the petition. The demurrer was overruled. From the

judgment of the court upon the demurrer defendants appeal.

*M. P. Hathway* for the appellant.

*George B. Edmonds* for the appellee.

BECK, Ch. J. — The demurrer was properly overruled. The language of the petition, averring that the mortgage was " duly assigned to the plaintiff," does not necessarily imply that it was transferred by writing. It may have been assigned verbally, and plaintiff's title thereto and right to maintain the action, under such a transfer, would have been undoubted. *Moore* v. *Lowry*, 25 Iowa, 336; *Creighton* v. *Gordon*, Morris, 41; *Jones* v. *Witter*, 13 Mass. 304; *Briggs* v. *Dorr*, 19 Johns. 95; 1 Pars. on Cont. 197, and authorities cited; Rev., § 2757.

The language of the pleading above quoted will be liberally construed, and not most strongly against the pleader. As it is general in its terms, and is sufficient to cover an oral transfer, or an assignment by delivery, it may be so taken. Rev., § 2951.

If the petition was defective because it failed to state whether the assignment was in writing or oral; it should have been assailed by motion. Rev., § 2948.

Affirmed.