FOSTER v. TRENARY.

1. **Assignment**: OF DEED OF PATENT-RIGHT: PAROL TO SHOW INTENTION OF PARTIES. Where the grantee in a patent-right deed, by a written indorsement thereon, transferred all his rights thereunder to plaintiff, it was competent to show by parol, in a suit of the plaintiff against the grantor, that it was the intention to convey by the assignment not only the right to the patent, but also the right to recover against the grantor for fraudulent representations made in the sale of the right to the grantee. Compare *Moore v. Lowrey*, 25 Iowa, 336, and *Conyngham v. Smith*, 16 Id., 474.

2. **Fraudulent Representations**: SALE OF PATENT-RIGHT: EVIDENCE OF FRAUDULENT DEVICES IN OTHER SALES. In an action based upon false representations in the sale of a right to a patented device for which certain advantages were claimed, *held* that. if defendant.had been compelled, in dealing with others, to resort to fraudulent means for the purpose of making an apparently successful exhibition of the device, evidence thereof was admissible as tending strongly to show that he knew that he was making a fraudulent claim for it when he sold to plaintiff.

3. ———: ———: EVIDENCE: STATEMENTS MADE IN INTEREST OF VENDOR IN HIS PRESENCE. In such case, where a third party accompanied the vendor, and made certain statements in the presence of the vendor, to the vendee, in relation to the utility of the patent device, *held* that such statements were binding upon the vendor, and were properly admitted in evidence.

*Appeal from Plymouth District Court.*

WEDNESDAY, APRIL 8.

PLAINTIFF brought this action to recover damages on

account of certain fraudulent representations alleged to have been made by defendant in the sale of certain interests in a patent-right. There are three counts in the petition. The first count alleges a cause of action growing out of a transaction between plaintiff and defendant; the second count alleges a cause of action growing out of a transaction between defendant and one O. C. Foster; and the third count alleges a cause of action growing out of a transaction between defendant and O. C. Foster and W. E. Nippert; and it is alleged in the second and third counts that plaintiff is the owner of the causes of action therein set forth. Defendant in his answer admitted the sale of an interest in said patent-right to the parties named in the petition, but all the other allegations are denied. The district court rendered judgment for plaintiff on each count of the petition, and defendant appeals.

*Struble, Rishel & Sartori*, for appellant.

*Argo, Kelley & Augir*, for appellee.

REED, J.—I. The patent-right in question covers an attachment by which it is claimed that an ordinary stirring plow may be connected with a sulky cultivator in such a manner as that the combination may be used as a sulky plow. Defendant was the owner of the patent, and he sold to plaintiff the right to manufacture, use and vend said attachment in Cherokee county, and gave him a deed of the territory. He also sold and conveyed to the parties named in the second and third counts of the petition the same rights as to other counties.

1. ASSIGN-MENT: of deed of patent-right: parol to show intention of parties.

The alleged frauds consist in certain statements and representations as to the practicability, utility and value of the device, which it is charged were made by defendant pending the negotiations which resulted in the sales. The trial below was to the court, and there was a finding of the facts. The court found that the alleged representations were made by defendant, and that they were false and fraudulent. It also

found that plaintiff was the owner of the claims for damages which accrued, under the transactions set out in the second and third counts of the petition, to the parties therein named. For the purpose of proving his ownership of said claims, plaintiff offered in evidence certain assignments, which were indorsed on the deeds given ·by defendant to the parties named in the second and third counts, of the territory sold to them.

The assignment which was indorsed on the deed to O. C. Foster is in the following words: "We hereby sell, assign, transfer and set over all our right, title and interest in and to the within deed, and to all rights of ours thereunder, to Charles F. Foster. October 3, 1882. O. C. FOSTER." The other assignment is in substantially the same words. Defendant objected to the introduction of these assignments in evidence, on the ground that they did not purport to be assignments of the damages resulting to the parties by reason of the alleged frauds, but were assignments merely of the rights and interests acquired by the parties under the deeds. This objection was overruled, and this ruling is assigned as error. The right which the grantees named in the deeds acquired thereunder was the right to manufacture, use and vend the patented device in the territory named therein; and the rights and interests which, by the express terms of the assignments, are transferred to plaintiff are those which accrued to the assignors under the deeds. There was parol evidence, however, which tended to prove that the real intention of the parties was to transfer to plaintiff their claims for damages on account of the alleged frauds of defendant in the sales of the patent-right to them, and that the understanding between them and plaintiff was that the effect of the assignments was to transfer said claims to him. On this showing as to the intention and understanding of the parties to the instruments, we are of opinion that the court properly admitted them in evidence.

It was held by this court in *Moore v. Lowrey*, 25 Iowa,

336, that no particular form is necessary to constitute an assignment of a debt, and that such assignment may be verbal or in writing, and if in writing, and the intent and contract of the parties is not fully expressed therein, it may be shown by evidence *aliunde*. And to the same effect is *Conyngham v. Smith*, 16 Iowa, 474. Under the rule as laid down in these cases, the parol evidence as to the intention of the parties to the assignments was competent, and the finding of the court, that plaintiff was the owner of the claims set out in the second and third counts of the petition, is abundantly sustained.

II. At the time of the negotiation between the parties, defendant had in his possession a plow which was rigged with the patented device, which he exhibited to plaintiff and the other parties, and with which he did some plowing in their presence. This plow, at the time of these exhibitions, worked in a satisfactory manner. But the evidence tends to show that, when plaintiff and the other parties rigged other plows with the attachment, they were unable to do any work with them. One of the difficulties which they encountered in their attempts to make them work was, that the plows could not be kept in the ground; another was that the neck-yoke was thrown up by the weight of the plow in such a manner as to interfere with the team. And it was claimed by plaintiff that defendant obviated this latter difficulty by using a heavy iron neck-yoke with the plow which he exhibited at the time of the negotiation, and that he avoided the other trouble by attaching the plow to a cultivator which had been so altered as to specially adapt it to that particular use; and that these facts were concealed by defendant during the negotiation.

2. FRAUDULENT representations: sale of patent-right: evidence of fraudulent devices in other sales.

Plaintiff offered evidence tending to prove that, at some time before the negotiation, defendant had procured an iron neck-yoke, and that he used said yoke at other exhibitions of the plow, and that he caused certain alterations to be made

Foster v. Trenary.

in the cultivator to which he attached the plow exhibited by him. Defendant objected to all this evidence, on the ground that, as it did not relate to the transactions in question, it was incompetent and immaterial. This objection was over-ruled. We think the ruling was correct. The special advantage which defendant, in the negotiation with plaintiff and the other parties, claimed for the patented device was, that by means of it an ordinary plow could be attached to any of the sulky cultivators in common use, and by this com-bination an implement was made which possessed all the advantages of a sulky plow. Now, if he had been compelled to resort to the means alleged for the purpose of making an apparently successful exhibition of the device, this would tend strongly to show that he knew that he was making a false claim for it.

III. Evidence was admitted, against defendant's objec-tion, of certain statements by one Hayward as to the utility 3. —: —: and value of the device. These statements were evidence: statements made to Nippert during the negotiation for the made in in-terest of ven- sale to him. The objection urged by defendant dor in his presence. to this evidence is that it was not proven that Hayward was authorized to bind defendant by any statement he might make. But it was shown that Hayward accompanied defendant to the place where the negotiations with Nippert took place, and that defendant went there for the purpose of attempting to make a sale to Nippert, and that Hayward made the statements in his presence. Under these circum-stances, the evidence of the statements was clearly admissi-ble.

We find no error in the record, and the judgment will be
AFFIRMED.