J. H. HOFFMAN V. C. B. SMITH AND ROBERT STEELE, Appellants.

**Assignee:** RIGHT OF ACTION. Assignee of a bond to secure a debt may maintain suit on same upon a parol assignment of the bond and the debt secured by it, made before suit begun.

**Practice on Appeal.** That an assignment of a cause of action was not made before action cannot be first urged on appeal.

**Evidence** held to show that an individual debt of one partner was not paid with partnership funds but advanced by the other partner upon the agreement that he should be reimbursed and hold a bond given to the creditor of the one for whom he advanced.

*Appeal from Plymouth District Court.*—HON. SCOTT M. LADD, Judge.

WEDNESDAY, MAY 15, 1895.

Action on a bond. Trial to court. Judgment for plaintiff, and defendants appeal.—*Affirmed*.

*Ira F. Martin* for appellants.

*Argo, McDuffie & Reichmann* for appellee.

Kinne, J.—I. The facts in this case, as they appear from the record, are that on November 6, 1888, defendant Smith was appointed as agent for the State Insurance Company, of Des Moines, Iowa, for Le Mars and Plymouth county. At the time of said appointment, he executed to the company a bond signed by defendant Steele, as surety, conditioned to pay said company "any indebtedness that may now exist from him to said Co., and shall faithfully account for and

pay to said Co. all moneys, notes, or securities that may
come into his hands, belonging to said Co., immedi-
ately upon receipt of the same, and shall pay said com-
pany any indebtedness that he may hereafter incur to
said Co., at its maturity," etc. Under the appoint-
ment, Smith served as agent of the company until Octo-
ber 9, 1889, at which time he owed the company the
sum of two hundred and sixty-six dollars and ninety
cents, and interest thereon. At this date, plaintiff and
Smith formed a copartnership for the purpose of car-
rying on the insurance business; and it was so carried
on by them until January 13, 1892, at which time the
firm was dissolved, and, by written agreement, Hoff-
man became its successor. By the express terms of
this agreement, Hoffman became obligated to, "and he
does hereby assume and agree to pay the copartner-
ship indebtedness and liabilities of the copartner-
ship and firm of Smith & Hoffman, which were con-
tracted and incurred during the existence of said
copartnership of Smith & Hoffman, whether the com-
pany which the said firm of Smith & Hoffman repre-
sented was in the name of C. B. Smith, or in the
name of C. L. Smith, or in the name of J. H.
Hoffman." After the organization of the firm
the agency of the State Insurance Company was still
held in the name of Smith. At the dissolution of the
copartnership there was due said company, from busi-
ness done by said firm, three hundred and twelve dol-
lars and four cents, and from Smith, on account of
business transacted by him prior to the copartnership,
two hundred and seventy-nine dollars and thirty-eight
cents, including interest, being a total of five hundred
and ninety-one dollars and forty-two cents. The com-
pany wanted a settlement of the entire indebtedness,
and Hoffman agreed, if he could be placed in the same
situation that the company occupied with reference to

the bond, and if the company would assign the bond
and its claim against Smith and Steele to him, he would
pay the entire sum of five hundred and ninety-one dol-
lars and forty-two cents, which included the two hun-
dred and sixty-six dollars and ninety cents and interest
due from Smith on account of business done before the
firm was formed.  This was done.  Smith insisted he did
not owe the company the amount claimed on old busi-
ness; and it was arranged that he should give a note to
Hoffman for the amount claimed by the company to be
due, which Hoffman was to hold simply as an evidence
of the amount individually due from Smith to the insur-
ance company.  Having paid this individual debt of
Smith to the company, and received an assignment of
the bond, Hoffman brings this suit to recover said
amount paid, and interest.  There is a conflict in the
evidence upon some points, but, from the whole record,
it is clear that Hoffman was to be put in the same posi-
tion as the company, with all of its rights to enforce the
bond, and that Smith understood and assented to the
payment of his individual debt by Hoffman, who was
to have resort to the bond for his protection.  It is con-
tended that as Smith made payments upon his account
with the insurance company, during the existence of
the partnership, to an amount greater than what was
due from him to the company at the time the partner-
ship was formed, such indebtedness was canceled, and
hence whatever was owing the company at the disso-
lution of the firm must have been a debt incurred dur-
ing the existence of the firm.  When the firm was
organized, new books were opened, and the business
kept separate from that transacted prior thereto, and
these books showed a balance of three hundred and
twelve dollars and twenty-four cents due the company.
So it appears that, if there was any election as to pay-
ments made by Smith, it was that all money received

on account of the firm's business should be applied to the former debts. At any rate, that was what was in fact done. Further than that, Smith would have had no right to use credits arising out of the firm's business to satisfy his personal debt, as between Hoffman and himself. Again, the arrangement between the parties, to which Smith assented, precludes the thought that the personal debt of Smith had been paid in the manner claimed, or in any manner.

It is contended that the assignment of the bond to plaintiff had not been made when this action was commenced, and that the debt itself was not assigned. The evidence is clear that the claim was assigned. No particular form is necessary to constitute the assignment of a debt. All that need appear is an intent to effectuate the assignment of the debt, and that intent may appear from the writing, or it may be shown otherwise. *Moore v. Lowrey*, 25 Iowa, 338; *McWilliams v. Webb*, 32 Iowa, 577; *Foster v. Trenary*, 65 Iowa, 622; *Metcalf v. Kincaid*, 87 Iowa, 443. Nor is it material that the bond had not in fact been assigned at the time this action was commenced. It had been assigned by parol long before the suit was begun. Further, this question cannot be now raised for the first time in this court. Other reasons exist, which need not now be referred to, which would preclude the defendants from questioning the assignment.

Error is claimed in the admission of testimony. We have examined the record in this respect, and discover nothing prejudicial to defendants. The judgment below was right.—*Affirmed*.