FRANK E. SEYMOUR *et al.,* Receivers of the WALTER A.
WOOD HARVESTING Co., Appellants, v. C. AULTMAN
& Co. and the AULTMAN Co.

**Verbal assignments of Causes of Action.** A verbal assignment of a
cause of action is valid.

PROVING: *Evidence must show complete assignment.* Plaintiff in an
action on a debt claimed under a parol assignment must show a
completed assignment thereof.

SUFFICIENCY OF PROOF. Evidence of the verbal assignment of a claim
for commissions that the owners "agreed to turn over" certifi-
cates, not then issued, evidencing commissions to which they were
entitled, for an indefinite amount, not less than $300; that what-
ever they should receive "they were to turn over;" that "the
entire commission should be turned over;" and that the commis-
sions would be turned over after the sales out of which they arose
were made,—justifies a finding that the agreement was wholly
executory.

**Garnishees:** RIGHT OF ASSIGNEE OF DEBT: *Garnishee must plead
assignment.* Unless a garnishee defendant, who has notice that
another claims an assignment of defendant's claim against him,
pleads the assignment, he cannot afterwards resist the subsequent
claim of the assignee by showing the judgment in the garnishment
proceedings.

**Receivers:** QUALIFICATIONS: *Presumptions.* It will be presumed from
the appointment of receivers, and their qualification by giving a
bond, that they took the requisite oath.

**Review on Appeal:** QUESTIONS OF FACT: *Law actions.* A finding of
fact by the court will not be disturbed if there is any substantial
evidence to support it.

*Appeal from Franklin District Court.*—HON. S. M.
WEAVER, Judge.

SATURDAY, OCTOBER 14, 1899.

ACTION to recover commissions alleged to be due from
defendants to Parks Bros., and which, it is claimed, were
verbally assigned to plaintiffs in part payment of an indebt-
edness due them from said Parks Bros. There was a gen-

eral denial of plaintiffs' claim; an affirmative defense that plaintiffs are non-resident receivers, and as such were not entitled to mintain the action; and a further claim that before the commencement of this action the debt owing by defendants to Parks Bros. was subjected to the payment of a judgment obtained in the state of Ohio by Aultman, Miller & Co. against the said Parks Bros. The case was tried to a jury, resulting in a judgmenb for defendants, and plaintiffs appeal.—*Affirmed.*

*John M. Hemingway* for appellants.

*Taylor & Evans* for appellees.

DEEMER, J.—There are two or three preliminary questions to be settled before going to the merits.

I. It is insisted that plaintiffs are foreign receivers, and therefore have no right to sue in the courts of this state. The record shows, however, that plaintiffs were appointed ancillary receivers by the district court of Polk county, and duly qualified by giving bond pursuant to the order of the court appointing them. Under such a state of facts, it will be presumed that they took the requisite oath. *Nelson v. People,* 23 N. Y. 293; *Dayton v. Johnson,* 69 N. Y. 419.

II. Again, it is insisted that the verbal assignment of a chose in action is invalid. Such was the holding of this court under the provisions of section 952 of the Code of 1851. See *Andrews v. Brown,* 1 Iowa, 154; *Beebe v. Funkhouser,* 2 Iowa, 314; *Williams v. Soutter,* 7 Iowa, 435. And, although there has been no substantial change in the wording of the statute, the later cases all hold that a verbal assignment is good. *Conyngham v. Smith,* 16 Iowa, 471; *Moore v. Lowrey,* 25 Iowa, 336; *Barthol v. Blakin,* 34 Iowa, 452; *McWilliams v. Webb,* 32 Iowa, 577; *Hoffman v. Smith,* 94 Iowa, 498; *Foster v.*

*Trenary,* 65 Iowa, 622; *Metcalf v. Kincaid,* 87 Iowa, 443; *Howe v. Jones,* 57 Iowa, 140. While none of these cases expressly overrule the former ones, yet such is their effect. We are asked to say, however, that the earlier decisions announce the correct rule, and that a chose in action cannot be assigned by parol. This we are not prepared to do. The great weight of reason and authority favors the proposition that such an assignment may be in parol. See cases cited in 2 Am. & Eng. Enc. Law (2d ed.) pp. 1056, 1058.

III. Aultman, Miller & Co. brought suit in the state of Ohio against Parks Bros., and garnished the defendants in this case as debtors of Parks Bros. Defendants answered that they were indebted to Parks Bros. in the sum of three hundred and nineteen dollars and seventy-nine cents, not yet due. The Ohio court thereupon entered judgment against Parks Bros. for the full amount of the Aultman, Miller & Co. claim, and ordered the garnishee to pay to the clerk of the court the said sum of three hundred and nineteen dollars and seventy-nine cents when the same became due. At the time this judgment was rendered, the defendants herein had notice that plaintiffs were claiming an assignment of the debt. Having this notice, it was their duty to plead the assignment in defense, and, as they did not do so, they are in no position to resist the plaintiff's claim by showing the judgment in the garnishment proceedings. *Walters v. Insurance Co.,* 1 Iowa, 411.

IV. With these preliminary questions settled, we now turn to the merits of the case. In order to recover, the plaintiffs must show that there was a completed parol assignment of the claim held by Parks Bros. against the defendants. An agreement to assign in the future, or a parol promise to transfer when certain things should transpire, would not give plaintiffs a right against the debtor. While it might give them a lien, or create an equit-

able interest in the account, it would not constitute such an assignment as a court of law will recognize. It has been well said that, to constitute an assignment, the assignor must not retain any control over the fund, any authority to collect, or any power of revocation. If he does, it is fatal to the claim of the assignee. The transaction must be of such a character that the fund holder can safely pay, and is compellable to do so, though forbidden by the assignor, *Christmas v. Russell,* 14 Wall. 70. With this rule for our guide, we turn to the evidence, and bearing in mind that this is a law case, look to see, if there is such a showing as warrants us in holding that the trial court was in error in finding no assignment. The agent of plaintiffs who conducted the negotiations testified that one of the Parks brothers "agreed to turn over their thresher certificates to secure their indebtedness. The understanding was, not less than three hundred dollars from the Aultman Co.; might be a little more." When it is remembered that the certificates had not then been issued, but were to be some time in the future, and then delivered by defendants to Parks Bros., we can better understand this statement made by plaintiff's agent: "Whatever the Parks Bros. should receive from the Aultman Co., they were to turn over." Again, this witness said, "The entire commission should be (not "was") turned over." One of the Parks' testified that the conversation with plaintiff's agent was before he had sold certain machinery for the Aultman Company, and he stated that he said to the agent, "I told him we would turn them over as security after we made the sale." At the time this conversation took place, neither Parks nor the agent knew the exact amount of commissions which would be due. That was to be determined in the future, and the certificates showing the amount thereof were to be turned over to plaintiffs. Surely this evidence justified the trial court in finding that

the agreement was wholly executory. We do not overlook the fact that there was other evidence tending to show a complete and executed assignment. But, as the case is at law, and was tried by the court without a jury, we are not justified in disturbing its finding, if there is any substantial evidence supporting the same. There is that evidence, and, as we discover no error, the judgment is AFFIRMED.