Tone Brothers, Appellant, v. J. M. Shankland *et al.*

ORAL ASSIGNMENTS. An oral assignment of an account is valid.

EVIDENCE: *Attorney and client.* That defendant orally agreed to pay his attorney one-half of the amount of a claim, as his fees and expenses for collecting it, is insufficient to prove an assignment to the attorney of the claim, as against a judgment creditor of defendant seeking to subject the judgment obtained by defendant to the lien of the judgment, where defendant's attorney filed an attorney's lien on the judgment recovered by him, and admitted that the word "assignment" was not used in the conversation when the agreement was made.

**Garnishment of Municipal Corporation:** *It alone can plead exemption from.* Under Code, section 3936, providing that a municipal corporation cannot be garnished, only the municipal corporation can plead the exemption.

*Appeal from Polk District Court.*—HON. C. A. BISHOP, Judge.

MONDAY, FEBRUARY 5, 1900.

THE city of Des Moines is a party defendant, and these proceedings, which are founded upon a judgment in plaintiff's favor against J. M. Shankland, are brought in equity to subject to plaintiff's lien certain moneys owing by said city to Shankland. The action is based upon sections 4087-4089 of the Code. The judgment herein was adverse to plaintiff firm, and it appeals.—*Reversed.*

*Clark & McLaughlin* for appellant.

*C. H. Sweeney* for appellee.

WATERMAN, J.—Shankland obtained a judgment against the city of Des Moines for the sum of four hundred dollars. This equitable proceeding was instituted to subject the amount due thereon to the payment of plaintiff's judgment. J. D. Whisenand and E. G. Shankland intervene, claiming each to own one-half of the judgment against the city. Whisenand claims as assignee of C. H. Sweeney. The facts set up by interveners are as follows: Shankland had a claim against the city of Des Moines, which was disputed. He put the same into the hands of Sweeney, who was an attorney at law, for collection. Not having means to pay the costs or fees, Shankland made an oral assignment of one-half the claim to Sweeney, to pay for his services and expenses. He was also indebted to E. G. Shankland, his wife, and, in part payment of what he owed her, he assigned to her orally the remainder of the claim. The present action was instituted after these alleged assignments were made.

I.   Some objection is made to the form of this pro-
ceeding.  It is said that it is in the nature of a garnishment,
and that a municipal corporation, under section 3936, Code,
cannot be garnished.   There are several answers to this·
claim:   (1) This is not a garnishment proceeding, though·
its effect may be the same.   (2)   If it were such,
only the garnishee could plead the exemption, and
it does not do so.   *Clapp v. Walker,* 25 Iowa, 315.
(3) This objection does not seem to have been made in the
trial court.

II.   Appellant claims that an oral assignment of an
account is invalid.   Whatever room there may have been·
at one time in this state for controversy on this
point, there is none now.   An account may be verbally
assigned.   *Moore v. Lowrey,* 25 Iowa, 336; *Howe v.
Jones,* 57 Iowa, 130; *Foster v. Trenary,* 65 Iowa, 620; *Sey-
mour v. C. Aultman & Co.,* 109 Iowa, 297.

III.   Was there an assignment made by Shankland?·
We have set out the claims of the interveners above, but we·
must say that after a careful perusal of the record we fail to
find testimony which gives them substantial support.
It is doubtless true that Shankland was to pay Sweeney
one-half the amount of the judgment for fees and
expenses, and was to apply the remainder on an indebtedness·
to his wife, but this would not be an assignment.   Plaintiff's
lien had attached before any such payments were in fact
made.   There is absolutely no evidence of an assignment to·
the wife.   As to Sweeney's claim, he testifies that there was·
a present assignment made at the time the account against·
the city was placed in his hands.   He does not remember·
what was said.   He testifies to conclusions only.   He admits,
however,—and it tends to weaken his case,— that the word·
"assignment" was not used in the conversation between him
and Shankland.   As further detracting from the accuracy·
of his recollection, he admits having filed an attorney's lien·
on the judgment against the city and to have put into the·

judgment entry, which he wrote some days after the conclusion of the court was announced, a provision for a lien for his services. So, too, on Shankland's part, to show he did not understand that he had previously made an assignment to Sweeney, it is established that after judgment against the city he gave the following order on the city auditor: "B. O. Hanger, City Auditor: Please deliver my warrant for services for city, as allowed by council 12-27-97, amounting to $400, to E. G. Shankland, and oblige. J. M. Shankland." We will say in explanation that the amount for which judgment was rendered against the city was reached by agreement with the city council. Having claimed a lien on this fund as the property of Shankland, Sweeney cannot now be heard to assert title in himself. *Bank v. Dows,* 68 Iowa, 460; *Crawford v. Nolan,* 70 Iowa, 97. There is no warrant for holding that this was an equitable assignment, under the pleadings and testimony. *Foss v. Cobler,* 105 Iowa, 728. Altogether, we are of opinion that plaintiff's lien should have been established against defendants and interveners. Some question is raised because the city saw fit to pay over part of this money to one of the interveners after this action was begun. This cannot in any way prejudice plaintiff's rights. It is a matter wholly between the city and such intervener. The judgment must be REVERSED.

GRANGER, C. J., not sitting.