**630**

FIRST IOWA HYDRO ELECTRIC CO-OPERATIVE, F. A. E. Gillmor, Harry J. Strong, Carl J. Mitzner, Harry Imel, and P. H. Naber, Plaintiffs, and James D. France, and Xavier C. Nady, James R. McManus and Allan R. Shepherd, and each of them, as Attorneys of Record for Plaintiffs and in their own behalf, Appellants,

v.

IOWA-ILLINOIS GAS and ELECTRIC COMPANY, Iowa Power and Light Company, Iowa Southern Utilities Company, Interstate Power Company, Union Electric Power Company, Kansas City Power and Light Company, Iowa Electric Light and Power Company, Northwest Light and Power Company, Wisconsin Power and Light Company, Iowa Public Service Company, and Iowa Utilities Association, Appellees.

No. 15549.

United States Court of Appeals
Eighth Circuit.
May 24, 1957.

James R. McManus, Des Moines, Iowa (Allan R. Shepherd, Des Moines, Iowa, Xavier C. Nady, and James D. France, Tipton, Iowa, on the brief), for appellants.

Harry E. Wilmarth, Cedar Rapids, Iowa (Charles D. Waterman, W. B. Waterman, James J. Lamb, Charles D. Waterman Jr., Larned A. Waterman, Donald H. Sitz, Davenport, Iowa, Howard A. Steele, W. Z. Proctor, Harris N. Coggeshall, Llewellen E. Slade, Des Moines, Iowa, Robert Valentine, Robert W. Greenleaf, Centerville, Iowa, R. W. Colflesh, Maxwell A. O'Brien, Des Moines, Iowa, Clement F. Springer, Robert W. Bergstrom, Chicago, Ill., E. Marshall Thomas, Francis J. O'Connor, Dubuque, Iowa, Robert H. Walker, W. Logan Huiskamp, Joseph A. Concannon, Keokuk, Iowa, V. Craven Shuttleworth, Tyrrell M. Ingersoll, Cedar Rapids, Iowa, Byron L. Sifford, Sioux City, Iowa, Byron Spencer, Joseph J. Kelly, Jr., Kansas City, Mo., Earl Smith, Mason City, Iowa, Frederic M. Miller, Joseph Brody, Val Schoenthal and Sherwin J. Markman,

Des Moines, Iowa, on the brief), for appellees.

Before WOODROUGH, VOGEL, and VAN OOSTERHOUT, Circuit Judges.

WOODROUGH, Circuit Judge.

This appeal in No. 15,549, has been taken to obtain reversal of the same judgment which we considered and have this day affirmed in First Iowa Hydro Electric Cooperative v. Iowa-Illinois Gas and Electric Company, No. 15,548, 8 Cir., 245 F.2d 613. The appellants herein include all those named as appellants in No. 15,548 and in addition, James D. France and Xavier C. Nady, James R. McManus and Allan R. Shepherd. The additional appellants are the attorneys who appeared for and represented the plaintiffs, First Iowa Hydro Electric Cooperative and its five members, F. A. E. Gillmor, Harry J. Strong, Carl J. Mitzner, Harry Imel, and P. H. Naber in the action for treble damages under the anti trust laws, which resulted in the judgment dismissing the action of the plaintiffs, the dismissal to operate as an adjudication on the merits. The four named attorneys undertake to prosecute this appeal from that judgment on behalf of the cooperative and the individuals who were the plaintiffs in the action in the District Court, and said attorneys also undertake to prosecute the appeal on their own behalf on the ground that they have an interest in the subject matter of the litigation by reason of the nature and effect of their contingent fee contract of employment, and the time, work and effort they have expended on the case. They filed a notice of appeal in the District Court to which they sign their names in one column as "attorneys of record for plaintiffs and in their own behalf as such attorneys of record," and in a parallel column they sign the notice of appeal again as "attorneys for plaintiffs-appellants."

The eleven corporations which were the defendants in the action in the District Court and are named as defend-ants-appellees here have moved to dismiss this appeal on the grounds that:

(1) The four attorneys here attempting to appeal in their own behalf were not parties to the record and judgment in the Court below and do not have the right to appeal under Rule 73 of the Federal Rules of Civil Procedure, 28 U.S.C.A.;

(2) they do not have as attorneys an interest in the subject matter of this lawsuit entitling them to appeal;

(3) and (4) all of the appellants except one individual have another appeal pending and this appeal is not authorized.

We have before us the records brought up in No. 15,548 and in No. 15,549, and the briefs and have heard the arguments of counsel and hold that the motion to dismiss this appeal should be sustained on each of the grounds presented.

■ (1) Under the Federal Rules of Civil Procedure, appeals cannot be taken from final judgments of the District Court otherwise than by parties to the judgments. Rule 73 provides that "a party may appeal from a judgment by filing with the district court a notice of appeal." The four attorneys were not parties and they neither asked nor obtained leave to become parties. We know of no appeal by non-parties. The question thus raised was reviewed in United States v. Seigle, 83 U.S.App.D.C. 88, 168 F.2d 143, 144–146, which case has been frequently cited with approval. Chairman of United States Maritime Comm. v. California Eastern Line, 92 U.S.App.D.C. 207, 204 F.2d 398, 403; In re Central States Electric, 4 Cir., 206 F.2d 70, 71; Commanding Officer, U. S. Army Base, etc. v. United States, 6 Cir., 207 F.2d 499, 501. The law was the same prior to the Federal Rules of Civil Procedure. In United States ex rel. State of Louisiana v. Jack, 244 U.S. 397, 402, 37 S.Ct. 605, 607, 61 L.Ed. 1222, the court said:

"With exceptions not even remotely applicable to a case such as we have here it has long been the law, as settled by this court, that 'no person can bring a writ of error (an appeal is not different) to reverse a judgment who is not a party or privy to the record' (Bayard v. Lombard, 9 How. 530, 551, 13 L. Ed. 245, 254); and in Ex parte Leaf Tobacco Board of Trade, 222 U.S. 578, 32 S.Ct. 833, 56 L.Ed. 323, it was announced, in a per curiam opinion, as a subject no longer open to discussion, that 'one not a party to a record and judgment is not entitled to appeal therefrom,' * * *."

(2) The attorneys argue that they have an interest in the cause of action by reason of their contingent fee contract but the Special Master and the District Court found that they had no such interest. There was no substantial evidence that the cooperative assigned any part of its claim for damages to the attorneys and their contract to pay a contingent fee out of any recovery for the services they were employed to perform did not operate as such assignment.

■ The provisions of the Clayton Act (15 U.S.C.A. § 15) provides for recovery of an attorney fee in addition to treble damages but the right accrues to the party injured and not to his attorney. 32 West Randolph Corporation v. Blackman, 7 Cir., 222 F.2d 54; Strickland v. Sellers, D.C.Tex., 78 F.Supp. 274. The law of Iowa therefore controls the decision on the question whether the contingent fee contract the four attorneys had with the plaintiffs created a power coupled with an interest in the lawsuit in them permitting them to maintain an action in their own behalf. We have not been cited to any Iowa decision supporting their claim to such an interest in the lawsuit and the following cases are to the contrary. Boardman & Brown v. Thompson, 25 Iowa 487, 489–506; Kauffman v. Phillips, 154 Iowa 542, 134 N.W. 575; Tone Brothers v. Shankland, 110 Iowa 525, 81 N.W. 789, 791; Keehn v. Keehn, 115 Iowa 467, 88 N.W. 957, 958–59; Foss v. Cobler, 105 Iowa 728, 75 N.W. 516; Ward & Lamb v. Sherbondy, 96 Iowa 477, 65 N.W. 413; Brown v. Morgan, C.C.Iowa, 163 F. 395; Falcone v. Hall, 98 U.S.App.D.C. 363, 235 F.2d 860, 862; Spellman v. Bankers' Trust Co., 2 Cir., 6 F.2d 799, 800.

■ (3) and (4). The appeal in No. 15,548 presented and this court has considered the sufficiency of the proceedings and judgment in the action of the District Court and the affidavits of the individual plaintiffs have established here without dispute that the plaintiffs have not authorized this appeal. We think the plaintiffs may not be made appellants against their will. Tetzloff v. May, 186 Iowa 520, 172 N.W. 446; 7 C.J.S. Attorney and Client § 95, p. 913.

The motion to dismiss the appeal is accordingly sustained and the appeal is dismissed at the costs of the four attorneys.