## Isaac B. Culver v. George H. Bigelow.

### Usury. Interest. Agency.

The sale of mortgage securities at a premium cannot subject the party to an action to recover back the premium on the ground of usury.

Although courts rarely, if ever, as between debtor and creditor, enforce an executory contract for the payment of compound interest, yet the payment of it is not necessarily in a legal sense the payment of usury ; and if a debtor knowingly, understandingly and unconditionally pays it under no peculiar circumstances of oppression, it cannot be recovered back.

Where a party by simple contract deals with an agent who does not disclose the fact of his agency, he may be made liable in a suit in the name of the principal to the same extent as if the agent had been principal and the suit had·been brought in his name.

But where an agent of a party holden on a note and mortgage, purchases the same for his principal, taking an assignment to himself instead of a discharge, and pays more than annual interest, and the agency is not known to the creditor, but he supposes the agent purchased in his own behalf, the liability of the creditor for the excess paid is not different from what it would have been if the transaction was in fact what it apparently was, a purchase by the agent in his own behalf.

If the agency was known to the creditor, the form of the transaction, being a sale and transfer to the agent, would not vary the creditor's liability to the principal for the usury from what it would have been if it had been a payment by the principal.

There being testimony tending to show notice of the agency to the creditor or his attorney, the question of notice should have been submitted to the jury in an action by the principal to recover back the excess.

This was an action of general assumpsit, to recover back money paid in excess of annual interest. Plea, the general issue, and trial by jury, September term, 1868, Pierpoint, C. J., presiding.

The plaintiff introduced in evidence three promissory notes, for $2500, $1100, and $1800, dated December 14th, 1838, February 6th, 1846, and March 6th, 1847, respectively, signed by Samuel Nutt, and payable to Hugh Henry or order, on demand, with interest annually, on which were divers endorsements ; also three

mortgages of certain lands in Hartford, given by Samuel Nutt to Hugh Henry, at the dates of said notes respectively, to secure the payment of the same, together with certain assignments of said mortgages.

The evidence on the part of the plaintiff tended to prove that he was bound to pay said notes and remove said mortgages ; that on the 24th of January, 1860, these notes and mortgages belonged to the defendant; that at that date they were in the possession of Hugh H. Henry, of Chester, who held them for the defendant ; that in January, 1860, having been frequently pressed to make payment upon them by Hugh H. Henry, and not having sufficient money to pay them, the plaintiff, Culver, employed one Safford to assist him to procure what money he required in addition to what he had of his own to make up the amount of the notes, upon the securities of said Culver, which Safford succeeded in accomplishing ; that accordingly, on the 20th day of January, 1860, the plaintiff and Safford went to Hugh H. Henry's, at Chester, and there proposed to him to pay said notes, and have an assignment of them and the mortgages made to Safford ; that Henry presented a cast of the amount then due on said notes, which Culver thought was too large, but that Henry told him if there was anything wrong in the cast it should be made right ; that at the interview Henry stated that it would be necessary to send or to go to Burlington, where the defendant lived, to have the assignments of the notes and mortgages made, and that it was thereupon agreed that Henry and Safford should go to Burlington and have the transaction closed, and that Culver, on the faith of Henry's assurance that any errors in the computation would be made right, authorized Safford to go to Burlington, and, on receiving the assignment, to pay the amount claimed by Henry ; that accordingly Safford, having received of the plaintiff the amount claimed by Henry, went to Burlington with Henry, where, on the 24th of January, 1860, they met the defendant, and Safford paid him the amount which he claimed, and took an assignment of said notes and mortgages ; no objection was made at any time by Henry or defendant to said assignment, and no claim was made by them for any more than was actually due on the notes ; that Saf-

ford, when he made this payment, knew that this sum was arrived at by computing compound interest on the notes at 6 per cent., under a claim by Henry for the defendant, that under the circumstances it was right and proper to so compute it, and that Safford paid that sum without objection; that Safford was employed and paid by Culver for doing all this, including his time and expenses to Burlington; and that Culver's purpose in having the assign-, ment taken to Safford was, because, as Culver resided in New Jersey, it was more convenient to have Safford hold them in his name. But there was no evidence that the relations of Safford and Culver to each other, or Culver's purpose in having the assignment made to Safford, were communicated to Henry or to the defendant. The plaintiff claimed to recover the difference between the sum actually due on the notes January 24th, 1860, according to their tenor, and the amount paid by Safford to the defendant, with interest on this difference from the 24th of January, 1860, to the day of trial.

The evidence on the part of the defendant tended to prove that it was agreed and understood on said occasion at Chester that compound interest should be computed and paid on the notes, but that if there was any mistake in the mere figuring, on that principle, such errors of figuring should be corrected; that, pursuant to this understanding, had at Chester, Safford and Henry met at Burlington on the 24th of that month; that Safford then told Henry that he had concluded to take an *assignment* instead of a discharge of said notes and mortgages, as he desired to control them; that accordingly, in Safford's presence, Henry told the defendant that Safford desired to purchase the notes and mortgages of the defendant, and the defendant said he would assign them to Safford for such sum as Henry thought they were worth; that Henry said he thought Safford should pay for them the amount due on them, computing compound interest, at six per cent.; that Safford agreed to pay that amount for an assignment of them; that Safford and Henry thereupon so computed the notes; that the result of this computation was $7,909.67, and that Safford without objection, and fully knowing by what computation that amount was obtained, paid that sum to the defendant, and received the as-

signments of the notes and mortgages as shown upon them ; that nothing was said to the defendant by any person about any previous interview between Culver and Safford and Henry, or that Culver had anything to do with this transaction, but that the defendant and Henry both supposed that Safford was transacting the business solely on his own account, and that it was nothing but what the papers showed it to be, viz : an assignment of the notes and mortgages to Safford.

The defendant among other things requested the court to charge the jury as follows :

I. That the transaction at Burlington, whether connected with the interview at Chester, or not, was simply a sale and assignment of the notes and mortgages either to Culver or Safford, and that none of the money paid at Burlington could be recovered back ; and that at least it was a question for the jury, whether the parties mutually understood it to be merely a payment of the notes or an assignment, and if the latter, that the plaintiff could not recover.

II. That if compound interest, at 6 per cent., was voluntarily and knowingly paid to the defendant by Culver, or Safford, as his agent, it was not usury, and the excess over annual interest could not be recovered back.

The court refused to charge the jury as requested, but did charge that the only question for them to consider was whether, in the transaction of paying the $7,909.67 and taking the assignment of the notes and mortgages, Safford acted as agent of Culver, and in Culver's behalf, or in his own interest and behalf ; that if he acted in the latter capacity, the payment by Safford to the defendant of the notes computed at compound interest would not be the payment of usurious interest, and if he paid more than was intended to be paid, the action to recover such excess must have been brought in his name, and the plaintiff could not recover ; but that on the other hand, if Safford in the transaction at Burlington, acted as Culver's agent and in Culver's behalf, then it was precisely the same as if Culver had paid the money and taken a discharge instead of an assignment of the notes and mortgages, and that all excess over annual interest on the notes would, under the circumstances, be usury, and that the plaintiff would be entitled to recover that excess, with interest thereon from January 24th, 1860, when it was paid.

To the refusal of the court to charge as requested, and to the charge given, as above detailed, the defendant excepted.

*William G. Shaw* and *E. R. Hard*, for the defendant, cited to the point that compound interest at six *per cent.*, understandingly paid, is not usury, 3 Parsons on Contracts, 150–153 ; 1 Am. Lead. Cases, 522–3 ; *Ossulton* v. *Yarmouth*, 2 Salkeld, 448 ; *Eaton* v. *Bell*, 5 B. & Ald., 34 ; *Le Grange* v. *Hamilton*, 4 D. & E., 613 ; *Kellogg* v. *Hickok*, 1 Wend., 521 ; *Mowry* v. *Bishop*, 5 Paige, 98 ; *Wilcox* v. *Howland*, 23 Pick., 167 ; *Camp* v. *Bates*, 11 Conn., 487 ; *Von Hamert* v. *Porter*, 11 Metc., 210 ; *Connecticut* v. *Jackson*, 1 John. Ch., 16 ; *Stoughton* v. *Lynch*, 2 John. Ch., 215–16 ; *Dow* v. *Drew*, 3 N. H., 40 ; *Pierce* v. *Rowe*, 1 N. H., 179 ; *Birchard* v. *Est. of Knapp*, 31 Vt., 679.

*L. L. Lawrence* and *E. J. Phelps*, for the plaintiff, cited to the point that the money received by the defendant from the plaintiff, beyond the amount legally due on the notes, could be recovered back in this action, *Bank of U. S.* v. *Owens*, 2 Peters, 535 ; *State of Connecticut* v. *Jackson*, 1 John. Ch., 16 ; *Catlin* v. *Lyman*, 16 Vt., 44 ; *Stephens* v. *Fisher*, 23 Vt., 272.

The opinion of the court was delivered by

Peck, J.  The charge of the court that if Safford, in paying the money and taking the assignment of the notes and mortgages, acted in his own interest and behalf and not as the agent or in behalf of the plaintiff, the payment of the notes and interest computed at compound interest would not be the payment of usurious interest, was correct.  A fund safely invested, even at interest not exceeding the legal rate, is often regarded by the creditor of greater value than the nominal amount of principal and accrued interest.  This is more especially true of mortgage securities.  The sale of such securities at a premium cannot subject the party to an action to recover back the premium on the ground of usury.  It makes no difference in such case whether the premium is computed in the contract of sale at a certain *per centum* in excess of the legal rate for the time past, or whether it is stated at a gross sum, or the result arrived at by computing compound interest.  But in that part of the charge in which the court told the jury that the only question was whether Safford

acted as the agent of Culver and in Culver's behalf, or in his own interest and behalf; and that if Safford, in the transaction at Burlington, acted as Culver's agent and in Culver's behalf, then it was precisely the same as if Culver had paid the money and taken a discharge instead of an assignment of the notes and mortgages; and that all excess over annual interest on the notes would under the circumstances be usury, &c.,—we think there was error. Assuming that the excess over annual interest would be usury, and could be recovered back by the plaintiff if he had paid it in discharge of the notes and mortgages, it is not necessarily so when paid by Safford and an assignment taken to him, even if Safford, in the transaction, *as between him and Culver*, acted as the agent of Culver. It would be so upon the assumption that compound interest paid by the debtor is usury, if the defendant knew that Safford was acting in behalf of Culver, notwithstanding the transaction was in form a sale and assignment to Safford. But as the defendant had a right to make a sale and assignment of the notes and mortgages at a price exceeding the amount of principal and legal interest due, without subjecting himself to liability to refund the excess, if, when he made the transfer, he for good reason supposed it was a sale to Safford, and that Safford was making the purchase in his own behalf and not for the benefit or in behalf of Culver, and neither the defendant nor Henry had any notice to the contrary, the liability of the defendant would be no different than if the transaction were in fact what it thus apparently was, a purchase by Safford in his own behalf. It is stated in the case, that "there was no evidence that the relations of Safford and Culver to each other, or Culver's purpose in having the assignment made to Safford, was communicated to Henry or to the defendant." But we think the evidence detailed did at least tend to show that the defendant was affected with notice that Safford was acting in the interest and behalf of Culver, in view of what transpired at Chester between Henry and Culver and Safford, and the purpose of going to Burlington and what there transpired; and tended to show that Henry so far participated in the transaction as to make notice to him notice to the defendant. This question of notice of the character in which Safford acted is, however,

unimportant in one event, that is, in the event of the jury finding the fact as the plaintiff's evidence tended to show, that no more was claimed by the defendant or Henry than was actually due, and that the money was paid upon the faith of an assurance that if there was anything wrong in the cast it should be made right. Where a party by simple contract deals with an agent who does not disclose the fact of his agency, he may be made liable in a suit in the name of the principal, to the same extent as if the agent had been principal and the suit had been brought in his name. But even if compound interest, when understandingly and voluntarily paid by a debtor, is usury, and subjects the creditor to an action to recover it back, yet upon the theory of the evidence on the part of the defense, it follows from what is already said, that the question of notice that Safford was acting in behalf of Culver, the real debtor, ought to have been submitted to the jury.

This portion of the charge is also erroneous in this, that it assumes as matter of law that the payment of compound interest is the payment of usury to the extent of the excess over annual interest, and that it can be recovered back. Although courts will rarely, if ever, as between debtor and creditor, enforce an executory contract for the payment of compound interest, yet the payment of it is not necessarily in a legal sense the payment of usury ; and if a debtor knowingly, understandingly and unconditionally pays it under no peculiar circumstances of oppression, it cannot be recovered back.

Judgment reversed, and new trial granted.