.70 503
78 431

## MANNING ET AL. v. MATHEWS ET AL.

1. **Garnishment:** COUNTY TREASURER: RAILROAD TAX AFTER ASSIGN-MENT. A tax voted in aid of a railroad, after it has been collected by the county treasurer, is assignable; (*McInerny v. Reed*, 23 Iowa, 410, distinguished;) and after a copy of such assignment has been filed with the treasurer, he is not liable as garnishee upon an execution against the company to which the tax originally belonged. (Compare *Bank of Canton v. Dubuque S. W. R'y Co.*, 52 Iowa, 378.)

Manning et al. v. Mathews et al.

*Appeal from Jasper Circuit Court.*

WEDNESDAY, DECEMBER 22.

THIS is a garnishment proceeding against the treasurer of Jasper county on execution in favor of plaintiffs. The garnishee was discharged, and plaintiffs appeal.

*Winslow & Varnum*, for appellants.

*Ryan & McElroy*, for appellees.

ROTHROCK, J.—On the twenty-fourth of August, 1885, the sheriff of Jasper county, having executions in favor of plaintiffs and against the New Sharon, Coal Valley & Eastern Railway Company and the Chicago, Burlington & Pacific Railway Company, served notice of garnishment on the treasurer of Jasper county, defendant herein. The treasurer answered that he had money in his hands as treasurer, which was a part of the tax collected in aid of the New Sharon, Coal Valley & Eastern Railroad; that on the fifteenth of March, 1883, there was filed in his office what purported to be an assignment of the Chicago, Burlington & Pacific Railway Company, successor to the former company, of all such taxes to A. Sully, and it appeared over the signature of the attorney for Sully that the instrument of assignment was a true copy of the original; that there was also on file August 13, 1884, an assignment of one-half of said taxes by Sully to Taintor & Holt. There also appeared an assignment in favor S. C. Cook. It is claimed that the assignment to Sully was not proven, because the instrument on file is only a copy. This copy, however, is sufficient notice of the assignment to hold the fund in the hands of the treasurer. Notice of an unaccepted order would be sufficient to hold the fund, and would constitute an equitable assignment thereof. *Bank of Canton v. Dubuque S. W. R'y Co.*, 52 Iowa, 378. A copy of an order served on the holder would certainly give notice of the existence of the order. In addition, we

ınay say that no objection was made to the introduction of
the copy of the assignment, and it appears that it was a part
of the evidence on which the cause was tried.

Appellants contend that the money in the treasurer's hands,
being a tax, was not assignable, and cites *McInerny v. Reed*,
23 Iowa, 410, as so holding.    That, however, is not a parallel
case.    In that case it was held that the taxing power, having
derived such power from the statute, could not assign the
tax so as to put the power of enforcement into other hands.

If, then, the money belonged to the railroad company, as
appellant insists, it was assigned to Sully prior to the service
of garnishment; and what assignments were afterwards made
are not material to be considered.

It is unnecssary to discuss any other question in the case;
for, if the money was not transferable because of its being a
legislative grant, which we need not decide, then it would
not be subject to transfer by the court.    If it was transfera-
ble, and belonged to the railroad company, it was transferred
before the garnishment.    If it did not belong to the com-
pany because of the tax being declared illegal, then the gar-
nishment on execution against the company would not reach
it, and in either event the garnishee would have to be dis-
charged.

The order of the circuit court is

AFFIRMED.