J. W. RIDGEWAY, Administrator, Appellant, v. H. C. RAYMOND, Appellee.

**Promissory Note:** RENEWAL: FRAUD : ASSIGNMENT. Where a partnership gave its note signed by the firm-name, and after the firm had dissolved the note was renewed at the request of one of the partners, who gave a new note therefor, and, without the knowledge of his former partner, and without authority, signed the firm-name and his own name thereto, which note was accepted by the payee without knowledge that the firm had dissolved, or that the note was signed without authority, *held*, that an assignee of said note could not treat the note as a nullity, and sue upon the note surrendered, in the absence of some showing that his assignor was without knowledge of the facts pertaining to the signature of the renewal note at the time of the assignment.

*Appeal from Bremer District Court.*—HON. J. C. SHERWIN, Judge.

SATURDAY, MAY 23, 1891.

THE plaintiff is the administrator of the estate of N. B. Raymond, deceased. The following is the substance of the petition filed in the case: That on the twelfth day of February, 1880, the defendant and one E. A. Raymond were partners under the firm-name of

Raymond Bros.; that on that day the firm borrowed of the Bremer County Bank five hundred dollars, and gave therefor its note, with the firm-name signed to it. This note was from time to time renewed, either for the whole or part of the indebtedness, to the fifteenth day of February, 1881, the firm-name being each time signed to the note. On the twenty-second day of October, 1881, the note was again renewed, and signed "E. A. Raymond" and "Raymond Bros." On the first day of July, 1882, it was again renewed in part, and signed "E. A. Raymond" and "H. C. Raymond." On the twenty-fifth day of October, 1882, there was another renewal, with the signature the same. On the nineteenth of October, E. A. Raymond paid the interest on the note to October 6, 1883, and made a request of the bank to grant another extension, for which purpose the bank sent to him the last renewal, with another note for five hundred dollars, due ninety days after date, to be signed by E. A. Raymond and H. C. Raymond as another renewal. Prior to October 19, 1883, without the knowledge of the bank, the firm of Raymond, Bros. had dissolved, and E. A. Raymond, without authority from H. C. Raymond, signed the firm-name to the note thus sent him, and returned it to the bank, retaining the note dated October 25, 1882. The last note (dated October 19, 1883) was by the bank assigned to the plaintiff's intestate, and in September, 1887, he (the plaintiff's intestate) brought suit thereon against E. A. Raymond and H. C. Raymond, in which suit judgment was entered against E. A. Raymond on his default. H. C. Raymond answered that at the time of the execution of the note he was not a member of the firm of Raymond Bros., and for that reason not liable on the note, and the suit as to him was withdrawn without prejudice. The petition shows that the bank, in accepting the note dated October 19, 1883, did not intend to release H. C. Raymond from his liability on the former note or the indebtedness evidenced thereby; that the notes all drew interest at ten per cent. per annum, and provided for a reasonable attorney's fee.

VOL. 82—38

On the fourteenth day of December, 1889, the plaintiff amended his petition, averring the facts as to the execution of the note dated October 25, 1882; that it was a renewal of other notes having for a consideration the original indebtedness of February 12, 1880; that the plaintiff was unable to set out the note because surrendered to E. A. Raymond at the time of the execution of the note of October 19, 1883; "that by the signing of said note, dated October 25, 1882, the said E. A. Raymond and the defendant admitted that they were indebted to the Bremer County Bank in the sum of five hundred dollars upon said indebtedness contracted by the firm of Raymond Bros., on the twelfth of February, 1880, and thereby made a new promise to pay the same." It is then averred that when the note of October 25, 1882, was delivered to E. A. Raymond no part of it had been paid except forty-six dollars and fifty-five cents, and that the only consideration for such delivery was the note of October 19, 1883, taken in renewal, which was worthless. The final prayer of the petition is as follows: "Wherefore the plaintiff demands judgment against the defendant upon the indebtedness evidenced by said note dated October 25, 1882, and upon said note for the sum of nine hundred dollars, with interest at the rate of ten per cent., and for costs, including an attorney fee of ten per cent. of the amount found due this plaintiff upon said note and indebtedness evidenced thereby." To the petition as amended there was a demurrer, which the court sustained, and from a judgment for the defendant thereon the plaintiff appealed.—*Affirmed.*

*E. L. Smalley,* for appellant.

*Ellis & Ellis* and *Gibson & Dawson,* for appellee.

GRANGER, J.—The prayer of the petition indicates a purpose to recover on the original consideration for all the notes and on the note dated October 25, 1882, which was surrendered when the note assigned to the

plaintiff's intestate was made.  It is obvious that such
was not the real intent, but, on the contrary, a recovery
on one of the two causes of action was intended.  The
appellant, in argument, says :  "The plaintiff seeks to
recover upon a note in the possession of the defendant."
Also :  "This action is based upon a written promis-
sory note, signed by the appellee and E. A. Raymond,
given to the Bremer County Bank, October 25, 1882."

With the purpose of the action settled, we next
consider the demurrer, a ground of which is :  "*Third.*
It is shown that the Bremer County Bank accepted said
last note signed by 'Raymond Bros.,' and thereafter
sold and transferred the same to the plaintiff, who
prosecuted same to judgment against the makers
thereof; and it is admitted that the defendant was not
a member of said firm at said time, or liable thereon."
It should be understood that the Bremer County Bank
made no attempt to assign any note to the plaintiff's
intestate except the one dated October 19, 1883, on
which, in this suit, there is no attempt at recovery.  If,
in this suit, there is a recovery on a note, it must be on
the one dated October 25, 1882, of which the note dated
October 19, 1883, was designed as a renewal.  If it be
conceded that the Bremer County Bank, on the receipt
of the note signed "Raymond Bros.," could have
treated it as a nullity, and have maintained an action
against the defendant on the note surrendered in lieu of
it, because of the fraudulent acts of E. A. Raymond,
does it follow as a legal sequence that the bank may
assign it, and the assignee have the same right?  We
think not.  We are not to assume that because the
bank received the note in ignorance of the fact as to the
existence of the partnership, when it was signed, that
it continued in ignorance of such fact until after its
transfer of the note to the plaintiff's intestate.  By the
transfer of the note the bank was recognizing it as a
valid instrument.  Its transfer by the bank to plaintiff's
intestate was as collateral security, and if the note had
been redeemed by the bank, and it afterwards sought
to treat it as void, and recover on the note surrendered

in lieu of it, it would at least have been required to show that its use had been without knowledge of the facts at its inception. It would not be enough to show, in such a case, that it received the note without such knowledge. No less is required to entitle the plaintiff to recover on the former note, admitting, for the purposes of the case, that under similar facts he could recover thereon. There is no averment in the petition from which we may infer that the bank ever regarded the note as invalid, and if it regarded it as valid, knowing the facts, its treatment of the note is conclusive upon its assignee, the plaintiff. There certainly should be something to overcome the presumptions arising from the facts indicated by the demurrer, as shown by the petition, that it is shown that the bank "accepted the note signed by Raymond Bros., and thereafter sold and transferred the same to the plaintiff." So far as the statements in the petition are concerned, the bank assigned, and the assignee received, exactly what was intended, and without mistake as to its character or value. If so, the assignee has surely no right of recourse to the former note.

We think the point in the demurrer is well taken, and the judgment is AFFIRMED.