## No. 9928.

THE SIGEL-CAMPION LIVE STOCK COMMISSION CO. *v.* DAVIS.

Decided January 10, 1921.   Rehearing denied March 7, 1921.

Action on agreement to accept draft given in payment for cattle.  Judgment for plaintiff.

### *Affirmed.*

### *On Application for Supersedeas.*

1. PLEADING—*Variance.* A complaint stated a cause of action upon an agreement to accept drafts, and also contained allegations concerning, a sale of cattle to defendant.  Judgment was rendered for plaintiff on the cause of action based on the agreement, the court finding there was no sale to defendant.  *Held*, that as the complaint stated a cause of action upon the agreement to accept, the allegations concerning cattle sold, could be taken as an inducement to the agreement to accept, or as surplusage, and that a claim on the part of the defense that there was a variance was not valid.

2. CONTRACT—*Agreement to accept draft.* At plaintiff's request, a bank telegraphed defendant, "Are you honoring Jack Goldberg's checks for cattle?"  Defendant replied, "Yes, when cattle con-

signed to us." Plaintiff then delivered his cattle, which were consigned to defendant, Goldberg giving him a draft on defendant for the amount due. Held, that the transaction constituted a valid contract on the part of defendant to honor the draft when presented; Also, that the bank in making the inquiry was plaintiff's agent, and he an undisclosed principal who could take the benefit of the contract.

3. PLEADING—*Parties—Waiver.* Objection.to a complaint, on the ground of non-joinder or parties, is waived by answer.

4. BILLS AND NOTES—*Acceptance.* A general agreement on the part of a drawee to accept bills, is valid. It is not necessary that the agreement refer to a particular bill.

*Error to the District Court of the City and County of Denver, Hon. Charles C. Butler, Judge.*

Mr. L. F. TWITCHELL, Mr. J. H. BURKHARDT, for plaintiff in error.

Messrs. HUGHES & DORSEY, Mr. WALTER M. CAMPBELL, for defendant in error.

*Department Two.*

MR. JUSTICE DENISON delivered the opinion of the court.

DAVIS brought suit against the plaintiff in error and recovered judgment for upwards of $1500, upon an acceptance or contract to accept drafts drawn by one Jack Goldberg in payment for cattle shipped from New Mexico, consigned to the defendant at the Union Stockyards, Denver. The case is here on error. The plaintiff in error moves for supersedeas. The essential details of fact are as follows:

About September 18th, 1918, at Clayton, N. M., Goldberg and plaintiff met and talked of sale of cattle by plaintiff to Goldberg. They then went to the Wilcox ranch, about 30 miles, and inspected and arranged for sale to Goldberg of certain cattle. Goldberg gave plaintiff a draft on defendant for $200 to bind the bargain. The cattle were then driven to Clayton. Saturday, September 21st, at plaintiff's request and for him, the State Bank of Commerce of Clay-

ton telegraphed defendant "Are you honoring Jack Goldberg's checks for cattle?" and received reply "Yes, when cattle consigned to us." These telegrams were communicated to plaintiff.

On Sunday, the 22nd, plaintiff signed and delivered to Goldberg a bill of sale for the cattle and Goldberg gave to plaintiff a draft on defendant in favor of Bank of Commerce, Taiban, N. M., which held a mortgage on the cattle, for $4982.50, the balance of their price. The cattle were then loaded on cars and consigned to defendant company, and defendant was notified by telegraph of what had been done. Goldberg accompanied the cattle to Denver and at Trinidad or thereabouts telegraphed defendant not to pay the drafts. The defendant refused to pay the drafts and refused to accept the cattle and they were sold at the stockyards for account of plaintiff for $3600. The Taiban bank before suit assigned the larger draft and all its claims thereunder to plaintiff.

The complaint contained two counts, the first count upon the acceptance or agreement to accept the drafts, and the second upon an alleged sale of the cattle to the defendant and refusal to accept.

The $3600 was credited by the plaintiff on his claim.

The court found for the defendants on the second count and for the plaintiff on the first count.

The first objection argued is that the first count is for goods sold, that there was no proof of a sale to the defendant and the court has so found, that therefore there was a variance and the defendant was entitled to a judgment as of nonsuit.

We do not think that the first count states a cause of action for goods sold, but that it states one upon an agreement to accept drafts. What appears to be an attempt to state a case for goods sold is but inducement to the cause of action upon the agreement to accept. Even if the count did state facts sufficient to constitute a cause of action for goods sold it still stated facts sufficient to constitute a cause of action upon an agreement to accept, and the part

.concerning the goods sold may be taken either as inducement to the agreement to accept or as surplusage, and therefore the claim of variance is not valid.

In the case of *Harkison v. Harkison*, 41 C. C. A. 201, 101 Fed. 71, the complaint stated facts sufficient to constitute a cause of action in assumpsit by way of inducement to an action for fraud and deceit, and the trial court was momentarily misled thereby so that it committed an error which reversed the case, although the complaint was sustained as an action for deceit by the Circuit Court of Appeals.

It is claimed that the telegram from the Bank of Commerce was a mere request for information, but we think with the court below that such information must be supposed to have been requested for some purpose and with intent that some one should act thereon, and that Davis had a right to rely and act upon the information so obtained. We think too that the defendant's reply amounted to an offer to honor a bill drawn according to its terms, and that the consignment of the cattle to defendant and the drawing of the bill by Goldberg and its receipt by the plaintiff constituted an acceptance of that offer and completed a valid contract on the part of the defendant to honor the draft when presented.

The Commission Company must have meant that they would honor Goldberg's draft for cattle, if the cattle were consigned to them. Business men do not telegraph around the country idly asking and giving information about their respective methods and practices in business, and do not ask and answer as shown in this case unless for a purpose in relation to a matter in hand.

The question of estoppel is discussed, but, in view of what is said above, it is unnecessary to consider it.

It seems to be claimed that because the agreement to accept was made with the Clayton Bank and not with the plaintiff, the plaintiff cannot take advantage of it. But it is shown that the action of that bank was at the request and for the benefit of the plaintiff. The bank then was his agent and he an undisclosed principal, and as such he could

take the benefit of the offer and of the contract.   2 C. J. 873-877; *Ford v. Williams,* 21 How. 287, 16 L. Ed. 36; *Salmon Falls M. Co. v. Goddard,* 14 How. 446, 14 L. Ed. 446; *N. J. &c. Co. v. Merchants Bank,* 6 How. 344, 12 L. Ed. 465; *Culver v. Bigelow,* 43 Vt. 249; *Buffington v. Mc-Nally,* 192 Mass. 198, 202, 78 N. E. 309; *Barker v. Garvey,* 83 Ill. 184.

It is urged that Goldberg was an indispensable party. Suits have been maintained by payees against acceptors without joining the drawer for about 500 years; the drawer, therefore, can scarcely be said to be an indispensable party.   Nor do we think he can be said to be a necessary party, under the code; but, if he could, the point has been waived by answer, as we have decided so many times that it is unnecessary to cite cases.

It is claimed that the agreement to accept must be to accept a particular bill which must be accurately described, even if not in existence at the time of the promise; but we find the authorities sustain general agreements to accept bills.   See *Leach v. Hill,* 106 Iowa 171, 76 N. W. 667; *Hall v. First National Bank,* 133 Ill. 234, 24 N. E. 546.

It is not necessary to hold that the telegrams constituted a general letter of credit, because, as we have seen, Davis, the plaintiff, was the principal in the transaction, and not merely one to whom a letter of credit was shown.

We do not think it necessary to notice the other points made in the briefs.

The supersedeas should be denied and judgment affirmed.

MR. JUSTICE BURKE and MR. JUSTICE SCOTT concur.