**Eddie L. FILHO and Pamela M. Filho, Plaintiffs–Appellants,**

v.

**Mario RODRIGUEZ, Delores E. Rodriguez, Thomas Felber, and Linda Felber, Defendants–Appellees,**

and

**Merit Co., Defendant.**

**No. 00CA1485.**

Colorado Court of Appeals, Div. IV.

Sept. 27, 2001.

James A. Reed, P.C., James A. Reed, Colorado Springs, CO, for Plaintiffs–Appellants.

Robert J. Anderson, P.C., Robert J. Anderson, Colorado Springs, CO, for Defendants–Appellees.

Opinion by Judge VOGT.

In this action to recover damages to rental property, plaintiffs, Eddie L. Filho and Pamela M. Filho, appeal the trial court's summary judgment in favor of defendants, Mario Rodriguez, Delores E. Rodriguez, Thomas Felber, and Linda Felber. We reverse and remand for further proceedings.

Plaintiffs entered into a contract with Merit Co., a property management company, to rent out and manage their home. Merit then rented the home to the Rodriguezes, and the Felbers cosigned the lease.

After the Rodriguezes moved out of the home, plaintiffs filed this action against defendants and Merit to recover for damages to the property. The trial court granted defendants' motion for summary judgment on plaintiffs' breach of contract claim against them. It concluded that, because plaintiffs were not parties to the lease, they were not entitled to enforce it. The judgment in favor of defendants on this claim was certified as final pursuant to C.R.C.P. 54(b).

Plaintiffs contend on appeal that the trial court erred in ruling that they could not enforce the lease entered into on their behalf by Merit. We agree.

We review a summary judgment *de novo*, applying the same standards that govern the trial court's determination. Summary judgment is warranted only upon a clear showing that there is no genuine issue as to any material fact and that the moving party is entitled to a judgment as a matter of law. C.R.C.P. 56(c); *Churchey v. Adolph Coors Co.*, 759 P.2d 1336 (Colo.1988).

An agency relationship arises from the "manifestation of consent by one person to another that the other shall act on his behalf and subject to his control, and consent by the other so to act." *City & County of Denver v. Fey Concert Co.*, 960 P.2d 657, 660 (Colo.1998)(quoting Harold Gill Reuschlein & William A. Gregory, *The Law of Agency and Partnership* § 2, at 4 (2d ed.1990)). Although the existence of an agency relationship is generally a question of fact, a court may decide the issue as a matter of law when, as here, the facts are undisputed. *City & County of Denver v. Fey Concert Co.*, *supra*.

A person who contracts with an agent acting with authority for a disclosed or partially disclosed principal is liable to the principal as if he or she had contracted directly with the principal, unless the principal is excluded as a party by the contract. *See Restatement (Second) of Agency* § 292 (1958). The same rule applies in cases in which the principal is not disclosed, unless the principal's existence is fraudulently concealed or unless there is a setoff or similar defense against the agent. *See Restatement (Second) of Agency*, *supra*, § 302; *see also Bushman Construction Co. v. Conner*, 307 F.2d 888 (10th Cir.1962)(under Colorado law, principal on whose behalf agent entered into contract is entitled to bring action for breach of contract even though other party did not know of principal's relationship with agent); *Sigel–Campion Live Stock Commission Co.*

*v. Davis,* 69 Colo. 511, 194 P. 468 (1921)(rejecting argument that plaintiff could not claim benefit of contract between bank and defendant, where bank was acting as agent and plaintiff was bank's undisclosed principal).

 Here, the documents attached to the complaint establish as a matter of law that Merit was plaintiffs' agent and that it was authorized to, and did, enter into the lease as plaintiffs' agent.

The property management agreement states that plaintiffs, referred to as "Owner," employ Merit, referred to as "Agent," exclusively to rent, lease, operate, and manage their property. The agreement also characterizes Merit as a limited agent and provides that Owner gives Agent the authority to sign leases for the premises. The lease represents that it is entered into by Merit, "hereinafter called the PROPERTY MANAGER, who is the agent of the owner." The lease is signed by Merit's employee for "MERIT CO. INC. AGENT OF THE OWNER," and plaintiffs' address is set forth directly beneath that signature.

Defendants point out that the lease gave Merit, not the tenants, the sole authority to determine whether the premises were in good repair at the expiration of the lease term. However, read as a whole, the lease makes it clear that Merit would make this determination in its capacity as agent of the owner.

Although the lease did not include plaintiffs' names, plaintiffs were at least partially disclosed principals. *See Water, Waste & Land, Inc. v. Lanham,* 955 P.2d 997 (Colo. 1998)(a partially disclosed principal is one whose existence, but not identity, is known to the other party). There is nothing in the lease that excludes plaintiffs as parties entitled to enforce it. Further, even if plaintiffs were deemed to be undisclosed principals, there is no allegation that their existence was fraudulently concealed from defendants. Thus, we conclude that plaintiffs are entitled to enforce the lease.

Defendants' reliance on *Broderick v. McElroy & McCoy, Inc.,* 961 P.2d 504 (Colo. App.1997), and *Mitten v. Weston,* 44 Colo. App. 274, 615 P.2d 60 (1980), in support of a contrary conclusion is misplaced. Those cases concern the enforceability of contract provisions against nonparties. The issue here is not whether the lease can be enforced against a nonparty, but whether plaintiffs, the owners of the property, had the right to enforce a lease entered into on their behalf.

The judgment is reversed, and the case is remanded for further proceedings in accordance with the views expressed here.

Judge RULAND and Judge ROTHENBERG concur.